UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA/ SEATTLE

| | |
|---|---|
| ASHLEY L.,<br><br>                Plaintiff,<br>     v.<br><br>ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>                Defendant. | Case No. 3:24-CV-05010<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for disability insurance benefits (DIB). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by this Magistrate Judge. *See* Dkt. 4. Plaintiff challenges the ALJ's decision finding plaintiff not disabled. Dkt. 1, Complaint.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed for DIB in November 2019, alleging disability beginning April 2, 2019. Administrative Record (AR) 20, 199–205, 603. Her application was denied at the initial level and on reconsideration. AR 95–115, 123–29. A hearing was conducted before an ALJ in June 2021. AR 39–94. The ALJ issued a decision denying benefits in August 2021 (AR 17–38) which was subsequently reversed by U.S. Magistrate Judge S. Kate Vaughan (AR 671–76).

On remand, the ALJ conducted a hearing on August 15, 2023 (AR 631–66), and issued a decision denying benefits on November 1, 2023 (AR 601–630).

The ALJ found Plaintiff had the following severe impairments: mast cell disorder; Grave's disease; obesity; and anxiety. AR 606. The ALJ found plaintiff had the residual functional capacity (RFC) to

> perform light work as defined in 20 CFR 404.1567(b) except the claimant cannot climb ladders, ropes, or scaffolds, work at unprotected heights, work around dangerous moving machinery, drive, or operate moving machinery. She is limited to occasional stooping, kneeling, crouching, and crawling. She is limited to no concentrated exposure to temperature extremes, vibration, loud noise, fumes, odors, dust, gases, or poor ventilation. She retains the capacity to focus, concentrate, and persist on simple, routine, tasks. She is limited to no more than occasional changes in the work setting and occasional decision-making.

AR 608. Plaintiff failed to file exceptions with the Appeals Council, making the ALJ's decision Commissioner's final decision subject to judicial review. *See* 20 C.F.R. §§ 404.984(a). Plaintiff appealed to this Court. *See* Dkt. 1 (Complaint).

## DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The

Court may not affirm the decision of the ALJ for a reason on which the ALJ did not rely. *Id.*

### 1. Whether the ALJ Properly Considered Plaintiff's Subjective Symptom Testimony

Plaintiff testified her symptoms include swelling, numbness, hives, blotching, and pain, and that these symptoms are variable and the severity changes. *See* AR 66. She testified that she cannot engage in significant physical exertion due to arrythmia caused by her impairments. AR 58. She cannot stand or walk for extended periods because doing so causes blood clots, swelling, and pain. AR 68–69. She cannot lift or carry items more than a few times because it causes back pain. AR 67. Neuropathy in her hands causes numbing and tingling inhibiting her ability to keyboard or engage in activities requiring fine motor skills. AR 61.

She testified her nervous system is intolerant of triggers like smells (e.g., perfumes) and stressful stimulation (which she indicated included most social interaction). *See* AR 50–51. She has memory issues. AR 59–60, 642. Her symptoms are amplified by flareups of her Grave's disease.

The ALJ found Plaintiff presented objective medical evidence of an underlying impairment which could reasonably be expected to produce her alleged symptoms. AR 611. When such evidence is present and there is no evidence of malingering, the ALJ may reject plaintiff's testimony regarding the severity of his symptoms only if the ALJ gives specific, clear and convincing reasons. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014) (*citing Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)).

In the August 2021 decision, the ALJ recounted much of the medical evidence and asserted it was inconsistent with Plaintiff's subjective symptom testimony. *See* AR 25–31. The Court reviewed that decision and found harmful error:

> The ALJ summarized Plaintiff's allegations and explained that he discounted them because Plaintiff's symptoms were not entirely consistent with the medical evidence and other evidence in the record "for the reasons explained in this decision." AR 25. The remainder of the ALJ's decision does not provide any explanation as to why Plaintiff's allegations were inconsistent with any particular evidence, however. The ALJ provides a detailed summary of the medical evidence but makes no effort to contrast that evidence with Plaintiff's allegations to explain why her allegations were inconsistent. See AR 25-31. This type of summary does not constitute a clear and convincing reason to discount Plaintiff's allegations, which the ALJ was required to provide. See *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015).

AR 673–74.

In the August 2023 decision on remand, the ALJ repeated the summary of the medical evidence through January 2021, only modifying that summary by adding to the end of ten paragraphs the statement "this [or these] record[s] kept in the ordinary course of treatment, is [or are] not consistent with the severity of symptoms that the claimant alleged in her testimony." *Compare* AR 612–17 *with* AR 25–31. The ALJ then described the medical evidence from after his prior determination in the same manner: he described the medical evidence, appended the same "this record . . . is not consistent with the severity of symptoms . . ." statement to the end of some paragraphs, and did not otherwise explain or describe how the medical evidence was inconsistent with Plaintiff's testimony. *See* AR 617–19.

The conclusory statements are insufficient to cure the error identified by the Court. The ALJ's added assertions that the summarized medical evidence was inconsistent with Plaintiff's symptoms did not "provide an[] explanation as to why

4

Plaintiff's allegations were inconsistent with any particular evidence" or constitute an "effort to contrast that evidence with Plaintiff's allegations." AR 673–74.

The ALJ therefore failed to provide clear and convincing reasons for rejecting Plaintiff's testimony. *See Brown-Hunter*, 806 F.3d at 493–94; *Ferguson v. O'Malley*, 95 F.4th 1194, 1200 (9th Cir. 2024) ("[T]o satisfy the substantial evidence standard, the ALJ must . . . *explain why* the medical evidence is *inconsistent* with the claimant's subjective symptom testimony.") (first emphasis added, second emphasis in original).

In the defendant's brief, the Commissioner points to potential inconsistencies between Plaintiff's testimony and the evidence described by the ALJ. *See* Dkt. 13 at 4–5. Although the Court must review the entirety of the ALJ's decision, it cannot affirm based on an explanation that is simply absent from the opinion. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("[W]e are constrained to review the reasons the ALJ asserts.").

Most of the purported inconsistencies identified by Commissioner do not—without further explanation—amount to clear and convincing reasons. For instance, Commissioner argues findings of normal strength and tone were inconsistent with Plaintiff's testimony about her difficulties lifting (Dkt. 13 at 5), but Plaintiff did not testify she was unable to lift; she testified that repetitive lifting caused lower back pain (*see* AR 67). Similarly, notations of "normal gait" are not inconsistent with Plaintiff's testimony that standing and walking for prolonged periods caused blot clots and resultant pain and swelling. *See* AR 68–69.

Even if it were evident from the record that some of the medical evidence is inconsistent with some of Plaintiff's testimony, the ALJ's decision nevertheless fails for

5

1  lack of specificity. *See Smolen*, 80 F.3d at 1284 ("The ALJ must state specifically which
2  symptom testimony is not credible and which facts in the record lead to that
3  conclusion."). Indeed, the ALJ's summary of the medical evidence contains no apparent
4  discussion of some of Plaintiff's alleged symptoms. For instance, the ALJ's summary of
5  the medical evidence has no apparent bearing upon Plaintiff's abilities to keyboard or
6  engage in fine motor activities. Commissioner argues Plaintiff's normal psychological
7  exams were inconsistent with that testimony (Dkt. 13 at 6) but this is not explained
8  further by either Commissioner or the ALJ.
9        Commissioner argues the ALJ's discussion provided two other valid reasons for
10 rejecting Plaintiff's testimony: (1) inconsistent statements and (2) her conservative and
11 effective treatment regimen. Dkt. 13 at 7–10. These were not reasons asserted by the
12 ALJ for rejecting Plaintiff's testimony, and the Court may not affirm the decision of the
13 ALJ for a reason on which the ALJ did not rely. *Garrison v. Colvin,* 759 F.3d 995, 1009
14 (9th Cir. 2014).
15       If the Court nevertheless considers these reasons, the Court will find the ALJ's
16 unstated reasons that are now advanced by the defendant are not clear and convincing
17 reasons.
18       The Commissioner argues Plaintiff's denial of certain symptoms and a statement
19 she was "doing OK" were inconsistent with allegations of symptoms at other
20 appointments. *See* Dkt. 13 at 7–8. These are not necessarily inconsistencies, as
21 Plaintiff testified her symptoms fluctuated, which is consistent with sometimes not
22 having severe symptoms while other times having such symptoms. Dr. Afrin's notes
23 also state that Mast Cell disease causes "highly variable disabilities from one hour to
24
25

6

1   the next, even one minute to the next." AR 456. *See Garrison*, 759 F.3d at 1017

2   ("Cycles of improvement and debilitating symptoms are a common occurrence, and in

3   such circumstances it is error for an ALJ to pick out a few isolated instances of

4   improvement over a period of months or years and to treat them as a basis for

5   concluding a claimant is capable of working.") (citation omitted).

6         Commissioner contends the ALJ validly discounted Plaintiff's testimony based on

7   her "conservative treatment" of taking over-the-counter medications (Dkt. 13 at 8–9), but

8   the ALJ was required to elicit and consider Plaintiff's explanation for failing to take

9   further treatment before discounting her testimony on this basis. *See* SSR 16-3p (ALJs

10  may not discount symptom testimony on basis of failure to pursue further treatment

11  "without considering possible reasons he or she may not comply with treatment"); *Eitner*

12  *v. Saul*, 835 Fed. App'x 932, 933 (9th Cir. 2021) (unpublished opinion) (finding ALJ

13  failed to consider possible reasons a claimant failed to seek treatment where "the ALJ

14  asked Claimant whether he had received any specific treatment for the condition, but

15  the inquiry ended there"); *see also* AR 73–75 (Plaintiff discussing difficulties in finding

16  medications for her rare condition); 479 (noting some trialed mast cell medications

17  unavailable in US); AR 460, 465, 497 (Notes of Dr. John Yuen, MD from April 2019 and

18  Dr. Lee-Loung Liou, MD from May 2019, noting that plaintiff had been on various

19  medications for Graves Disease and the medications had serious adverse side effects

20  so they were discontinued); AR 517-520 (notes of Dr. Greg Rudolf, MD from June 2019

21  showing plaintiff receiving pain treatment with acupuncture).

22        The Commissioner contends the ALJ properly discounted Plaintiff's testimony

23  because he described some treatment notes indicating Plaintiff "was feeling better," was

"progressively improving," and found some medications "helpful" (*see* Dkt. 13 at 9–10) but such evidence is not substantial evidence on which to reject Plaintiff's symptoms. *See Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) ("[S]ome improvement" in a person's symptoms "does not mean that the person's impairments no longer seriously affect her ability to function in a workplace.").

In sum, the ALJ failed to provide specific, clear, and convincing reasons for rejecting Plaintiff's testimony. Because her testimony suggests she is further limited than found in the RFC, this error is not harmless and requires reversal. *See Stout v. v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052, 1054 (9th Cir. 2006).

**2. Whether the ALJ Properly Considered the Medical Opinion of Fernando Irizary, MD**

Dr. Irizary completed opined in December 2019 that Plaintiff could only occasionally lift or carry; occasionally lift above shoulders, reach at desk level, handle, finger, feel, or use a keyboard; and could occasionally stand or walk. AR 457–58.[1] Dr. Irizary indicated the opinion was based on Plaintiff's subjective symptoms of brain fog, dizziness, numbness, and hives, and her objective symptoms of flushing, hives, edema, and GI issues. AR 457.

ALJs need not "defer or give any specific evidentiary weight, including controlling weight, to" particular medical opinions, including those of treating or examining sources. *See* 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Rather, ALJs must consider every medical opinion in the record and evaluate each opinion's persuasiveness, considering

---

[1] Dr. Irizary completed several other opinions which the ALJ considered (*see* AR 621) but Plaintiff does not challenge the ALJ's assessment of these opinions (*see* Dkt. 11 at 4–5).

each opinion's "supportability" and "consistency," and, under some circumstances, other factors. *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20 C.F.R. § 404.1520c(b)–(c).

The ALJ found the opinion unsupported. AR 611-612, 620-621. First, the ALJ asserted that Dr. Irizary's objective findings of "flushing, hives, edema, and GI issues [were] not particularly persuasive evidence to support the level of symptom[] severity [opined]." *Id.* The ALJ did not explain, nor can the Court discern, why evidence of edema and hives, for instance, were inadequate to support Dr. Irizary's conclusion that Plaintiff could not stand, walk, or engage in fine manipulation or keyboarding for more than one-third of a workday (as Dr. Irizary opined).

Second, the ALJ said Dr. Irizary's "records reflect that on the date that he first saw the claimant, she had 'self-diagnosed' mast cell disorder with intermittent symptoms over the last twenty years and Dr. Irizarry noted no abnormal clinical signs other than some flushing." *Id.* (citing AR 507–08). After Dr. Irizary's first examination of Plaintiff and before Dr. Irizary completed her December 2019 opinion, Plaintiff was diagnosed by a specialist physician with mast cell disorder (*see* AR 488) and Dr. Irizary examined Plaintiff and noted additional abnormal clinical signs, *see* AR 481–82 (blurred vision, weakness, numbness), 491 (flushing, muscle weakness, rash, numbness), 493 (GI issues), 499 ("ROS is positive for sweats, fatigue, sinus problems, palpitations, irregular heartbeat, coughing, nausea, diarrhea, joint pain, rash, itching, bruising, anxiety, thyroid disease, headaches, numbness/tingling, memory problems, sleep difficulties"), 502 ("presenting with hand numbness/tingling, muscle weakness/fatigue");

9

*see also Garrison*, 759 F.3d at 1014 n.17 (ALJ must consider supporting treatment notes from provider).

Considering the record as a whole, the lack of objective evidence from Dr. Irizary's first examination of Plaintiff was not substantial evidence on which the ALJ could find the opinion unsupported. As it turned out, Dr. Irizary's initial diagnostic impressions were updated, because a second, more specialized physician (Dr. Lawrence Afrin, a specialist in New York) determined there was a basis for diagnosing Mast Cell Activation Syndrome (MCAS). AR 51-52, AR 447-454. The record shows this Mast Cell disease is unusual and Dr. Irizary's initial impressions do not mean the later assessments he provided were unreliable or inconsistent. The ALJ erred because the ALJ's finding was not based on substantial evidence.

In sum, the ALJ failed to provide proper reasons supported by substantial evidence for rejecting Dr. Irizary's opinion. Because Dr. Irizary opined further limitations in the RFC were warranted, that error is not harmless. *See Stout*, 454 F.3d at 1052.

CONCLUSION

For these reasons, the Court concludes the ALJ improperly determined Plaintiff to be not disabled. Therefore, the ALJ's decision is reversed and remanded for further administrative proceedings, and a de novo hearing, consistent with this Order. The ALJ is directed to allow Plaintiff to present additional evidence, reevaluate Plaintiff's statements about symptoms and limitations, reevaluate the medical evidence and, if necessary, reconsider the RFC and the findings made at steps four and five.

Dated this 13th day of January, 2025.

Theresa L. Fricke
United States Magistrate Judge